{¶ 42} I concur with the majority opinion but write separately to explain my position as to the resolution of the fourth assignment of error. I agree with the majority's decision to vacate the sentence and remand for resentencing in light of the United States Supreme Court's recent decision in Blakely v.Washington (June 24, 2004), NO. 02-1632, 72 U.S.L.W. 4546.
 {¶ 43} In Blakely, the U.S. Supreme Court held that:
 {¶ 44} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 45} In this case, the court could only impose the maximum penalty by making specific judicial findings beyond those either determined by a jury or stipulated to by the defendant.[1]
Ohio law simply does not allow the trial court to impose maximum sentences (or certain other aspects of sentencing) in its discretion. Maximum sentences, consecutive sentences, and certain other sentences are reserved for offenders under certain and statutorily specified circumstances. Accordingly, we are required to review sentences de novo and not under the abuse of discretion standard. R.C. 2953.08. Thus, the maximum sentence is not within the "statutory range" of sentences that a trial court may impose in its sole discretion. Ibid. Consequently, I believe an argument can be made that Ohio's sentencing law, in some respects and applications, is susceptible to the same constitutional violations that the U.S. Supreme Court discussed in Blakely.
 {¶ 46} I take no position on the balance of the majority's reasoning for vacating the sentence, which relates to such judicial findings or lack thereof, since the same may be moot.
[1] The specific judicial findings being either that the offender committed the worst form of the offense or that he posed the greatest likelihood of committing future crimes. R.C.2929.14(C). Although R.C. 2929.14(C) further allows for the imposition of maximum sentences "upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section" that portion of the statute is not applicable in this case. See State v. Comer, 99 Ohio St.3d 463, 467-468,2003-Ohio-4165. I do not believe that Blakely affects the trial court's ability to consider other facts relative to sentencing, including the offender's age and criminal record among other factors contained in R.C. 2929.12. Nonetheless, the law does not allow the court to impose the maximum sentence based upon such facts in the absence of the findings required by R.C.2929.14(C).